**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| KRANSON INDUSTRIES, INC. d/b/a TRICORBRAUN, | ) | |
| | ) | |
| | ) | |
| Plaintiff / Petitioner, | ) | Case No.: |
| | ) | |
| vs. | ) | |
| | ) | |
| SIMPLICITY INTERNATIONAL, INC., | ) | |
| Serve: | ) | |
| Merrie Wycoff | ) | |
| 9417 N. Foothills Highway | ) | |
| Longmont, CO 80503 | ) | |
| | ) | |
| Defendant / Respondent. | ) | |

**KRANSON INDUSTRIES, INC.'S
PETITION FOR ORDER TO COMPEL ARBITRATION**

Plaintiff/Petitioner Kranson Industries, Inc., d/b/a TricorBraun ("Kranson"), through counsel and pursuant to the Federal Arbitration Act (9 U.S.C. § 1, *et seq.*) ("FAA"), respectfully petitions this Court for an Order compelling Defendant/Respondent Simplicity International, Inc. ("Simplicity") to arbitrate its claims in St. Louis, Missouri, against Kranson in accordance with the arbitration provision in the parties' written sale agreement.  In support of its Petition, Kranson states as follows:

**Introduction**

1.      In March 2010, Simplicity asserted claims against Kranson in a lawsuit pending in the United States District Court for the Central District of California.  In response, Kranson filed a Motion to Stay Trial and Compel Arbitration based on an arbitration provision contained in a written sale agreement previously entered into between the parties.

2.      After reviewing the parties' briefs and hearing oral argument, the Court held that: (a) the subject arbitration provision is governed by the FAA; (b) Simplicity has refused to arbitrate the claims it asserted against Kranson in its Amended Complaint; (c) Simplicity's claims against Kranson are covered by the arbitration provision in the parties' sale agreement; (d) the arbitration provision provides that any arbitration proceedings must take place in St. Louis, Missouri; and (e) the arbitration provision is valid and enforceable.  A copy of the Order of the United States District Court for the Central District of California is attached hereto and incorporated herein as **Exhibit 1**.

3.      As a result, the Court entered an order staying Simplicity's claims against Kranson pending arbitration in St. Louis, Missouri.  The Court, however, determined itself to be without authority to compel an arbitration in Missouri.  Accordingly, the Court directed Kranson to file a motion to compel arbitration in Missouri.

4.      As such, Kranson herein requests that this Court take the administrative step of entering an order compelling the arbitration of Simplicity's claims against Kranson.

### Parties

5.      Kranson is a corporation organized under the laws of the State of Missouri with its principal place of business in the State of Missouri.  Kranson is a citizen of Missouri for the purposes of the diversity statute, 28 U.S.C. § 1332.

6.      Simplicity is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Colorado.  Simplicity is a citizen of Delaware and Colorado for the purposes of the diversity statute, 28 U.S.C. § 1332.

2

### Jurisdiction and Venue

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and 9 U.S.C. § 4.  Complete diversity exists between Kranson and Simplicity and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.      Venue is proper pursuant to 9 U.S.C. § 4.  According to 9 U.S.C. § 4, "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which . . . would have jurisdiction under Title 28 . . . for an order directing that such arbitration proceed in the manner provided for in such agreement."

### Facts and Allegations

9.      Simplicity is a research and development company located in Longmont, Colorado that created a liquid laundry detergent and fabric softener which it sold to Walmart stores from January 2008 to August 2009.

10.     Kranson is a company headquartered in St. Louis, Missouri that specializes in the design and supply of rigid packaging solutions.  Kranson assisted Simplicity in designing and supplying the bottles Simplicity used for its line of liquid detergent and fabric softener.

11.     On November 14, 2007, at the inception of their business relationship, Simplicity executed a sale agreement in favor of Kranson.

12.     The sale agreement includes a mandatory arbitration provision which provides as follows: "**ARBITRATION.  ANY DISPUTE, CONTROVERSY, OR CLAIM ARISING FROM THE SALE OF GOODS OR SERVICES BY [KRANSON] TO [SIMPLICITY] SHALL BE RESOLVED BY FINAL AND BINDING ARBITRATION ADMINISTERED BY THE AMERICAN ARBITRATION ASSOCIATION ("AAA") UNDER ITS**

3

**COMMERCIAL   ARBITRATION   RULES.     ALL   SUCH   ARBITRATION PROCEEDINGS SHALL TAKE PLACE IN ST. LOUIS, MISSOURI."** A copy of the arbitration provision can be found at paragraph 13 of the sale agreement which is being incorporated herein and attached hereto as **Exhibit 2**.

13.     Simplicity used a company headquartered in Chino, California by the name of Genlabs Corporation ("Genlabs") to blend the necessary chemicals to make the laundry detergent and fabric softener ("product"), fill the bottles with the product and affix labels to the bottles.

14.     Some of the labels on some of the bottles that were shipped to Walmart showed some bubbling.

15.     On August 24, 2009, Simplicity filed a Complaint against only Genlabs in the United States District Court for the Central District of California: Case No. CV09-06146 SVW. In its Complaint, Simplicity alleged that Genlabs' actions caused the bubbling of the bottles' labels and that Simplicity lost its contract with Walmart because of the bubbling labels.

16.     On February 17, 2010, Simplicity filed a motion for leave to amend its Complaint to add Kranson as a defendant.  The Court granted Simplicity's motion to amend on March 19, 2010.

17.     Simplicity's Amended Complaint asserts causes of action against Kranson for breach of contract, breach of implied warranty, negligent interference with economic advantage and breach of fiduciary duty based on Simplicity's contention that Kranson defectively designed the molds used to manufacture the Simplicity bottles and that the defective molds resulted in label application problems.  A copy of Simplicity's Amended Complaint is attached hereto as **Exhibit 3**.

18.     Simplicity's Amended Complaint alleges damages in excess of $3 Million.

SLC-6084386-2

19.     On April 5, 2010, Kranson filed a Motion to Stay Trial and Compel Arbitration. A copy of Kranson's motion is incorporated herein and attached hereto as **Exhibit 4**.

20.     Kranson's motion was based on the fact that Simplicity had entered into a valid and enforceable arbitration provision with Kranson at the inception of its business relationship which covered the claims Simplicity was asserting in its Amended Complaint, but Simplicity was refusing to arbitrate the claims.

21.     In Opposition to the Motion to Stay Trial and Compel Arbitration, Simplicity argued that the sale agreement did not constitute a valid contract.

22.     The Court heard oral arguments on the motion at a hearing on May 3, 2010.

23.     In a written order dated May 6, 2010, the Honorable Steven V. Wilson ("Judge Wilson") of the United States District Court for the Central District of California held that the sale agreement is valid and enforceable and the dispute at issue is arbitrable. *See* **Exhibit 1**.

24.     As a result of the Court's holdings, Judge Wilson entered an Order staying Simplicity's claims against Kranson pending arbitration in St. Louis, Missouri. The Court, however, determined itself to be without authority to compel an arbitration in Missouri. Accordingly, the Court directed Kranson to file a motion to compel arbitration in Missouri. Specifically, the court wrote as follows:

> For the reasons stated below, the Court finds that a valid arbitration agreement exists between [Simplicity] and [Kranson] and that the dispute at issue is arbitrable under that agreement. However, this Court sitting in the Central District of California cannot compel arbitration in the forum agreed to by the parties, St. Louis, Missouri. Thus, the Court DENIES [Kranson's] motion to compel arbitration, but GRANTS [Kranson's] motion to stay this action. The action against [Kranson] is stayed pending arbitration of the dispute in accordance with the contract between Plaintiff and [Kranson].   **[Kranson] is advised that a motion to compel**

> **arbitration must be filed in the district where the arbitration is to be held.**

Judge Wilson Order, May 6, 2010, p. 3 (emphasis added) (Ex. 1).

**Prayer for Relief**

WHEREFORE, Kranson requests that this Court enter an Order compelling Simplicity to arbitrate its claims in St. Louis, Missouri against Kranson in accordance with the arbitration provision in the parties' written sale agreement, and for such other and further relief as the Court deems appropriate.

Respectfully Submitted,

HUSCH BLACKWELL SANDERS LLP

By:_____

Adam D. Hirtz, E.D.Mo. 93994
e-mail: adam.hirtz@huschblackwell.com
190 Carondelet Plaza, Ste.600
St. Louis, Missouri 63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505

*Counsel for Defendant Kranson Industries, Inc., d/b/a TricorBraun*

SLC-6084386-2